UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL PUBLIC DEFENDER, DISTRICT OF NEVADA<br>411 E. Bonneville Ave., Suite 250<br>Las Vegas, NV 89101<br><br>WESLEY PAUL COONCE, JR.,<br>Reg. No. 30011-039<br>USP Terre Haute<br>4700 Bureau Road South,<br>Terre Haute, IN 47802<br><br>   Plaintiffs,<br><br> v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br><br>FEDERAL BUREAU OF PRISONS<br>320 First Street NW<br>Washington, DC 20535<br><br>   Defendants. | Civil Action No.: _____<br><br>**Complaint for Injunctive and Declaratory Relief** |

  The Federal Public Defender, District of Nevada (FPD) and Wesley Paul Coonce, Jr., by counsel, hereby allege:

  1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, for declaratory, injunctive, and other appropriate relief brought by the Plaintiffs against the United States Department of Justice and the Federal Bureau of Prisons.

  2. Plaintiffs seek to compel Defendants to comply with their obligations under FOIA and the Privacy Act to release records the FPD requested pertaining to Coonce, their client.

## PARTIES

3. The FPD is a federal defender organization in the District of Nevada. In addition to representing individuals charged with federal crimes, the FPD also contains a Capital Habeas Unit (CHU). The CHU is dedicated to representing individuals on death row in collateral attacks of their convictions and sentences pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2255. When called upon, the CHU represents people on death row in Nevada, California, Arizona, Nebraska, Texas, and on federal death row. The FPD is a federal defender organization authorized by 18 U.S.C. § 3006a. The FPD's offices are located in Las Vegas and Reno, Nevada. It is headquartered at 411 E. Bonneville Ave., Suite 250, Las Vegas, NV 89101.

4. Coonce is an adult currently in BOP custody at USP Terre Haute, 4700 Bureau Road South, Terre Haute, IN 47802. He is represented by the FPD.

5. The DOJ is an agency of the United States Government within the meaning of 5 U.S.C §§ 551 and 552(f) that has possession, custody, and/or control of the records the Plaintiffs seek. It is headquartered at 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

6. BOP is an agency of the United States Government within the meaning of U.S.C §§ 551 and 552(f) that has possession, custody, and/or control of the records the Plaintiffs seek. It is headquartered at 320 First Street N.W., Washington, D.C., 20534.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action and personal jurisdiction over Defendants under 5 U.S.C. §§ 552(a)(4)(B), 552a(g), and 28 U.S.C. § 1331.

8. Venue is proper in this district under 5 U.S.C. §§ 552(a)(4)(B) and 552a(g)(5).

## BACKGROUND

9. The United States District Court for the Western District of Missouri, the Hon. Brian C. Wimes, presiding, appointed the FPD and Attorney John Jenab to represent Coonce in § 2255 proceedings.[1]

10. Following a jury trial, Coonce was convicted of first-degree murder and murder by a federal prisoner serving a life sentence.[2] He was tried with co-defendant Charles Hall, who was also convicted of first-degree murder.[3] After a joint penalty-phase hearing under the Federal Death Penalty Act, the jury recommended, and the court imposed, death sentences for each of them.[4]

11. On July 15, 2021, the FPD submitted a FOIA/Privacy Act request seeking Coonce's BOP records.[5]

12. On July 20, 2021, the BOP acknowledged the request, and assigned it request number 2021-05642.[6]

13. BOP concluded Coonce's request qualified "to be processed on an expedited basis and will be expedited to the best of our ability."[7] Such a designation means the BOP determined Coonce's request met the criteria promulgated by 28 C.F.R. § 16.5(e).[8] As BOP explains it, the expedited track is available if "the lack of expedited treatment could reasonably be expected to pose a threat to someone's life or physical safety."[9]

---

[1] *United States v. Coonce,* No. 6:10-cr-03029-BCW, ECF No. 961 (W.D. Mo. Oct. 23, 2020).

[2] *Id.* ECF No. 757 (W.D. Mo. May 7, 2014); *id.* ECF No. 897 (July 18, 2014).

[3] *Id.* ECF No. 758 (May 7, 2014).

[4] *Id.* ECF Nos. 810 (June 2, 2014), 811 (June 2, 2014), 897 (July 18, 2014).

[5] P.Ex. 1.

[6] P.Ex. 2.

[7] P.Ex. 2.

[8] *See* P.Ex. 2.

[9] *See* https://www.bop.gov/foia/#tabs-3 (FOIA FAQ "How Are Requests Processed?" "What processing track will my request be on?" describing the expedited

14. The FPD followed up on its request on October 22, 2021.[10] On October 25, 2021, the BOP reported that the request was pending and there was no expected time of completion.[11]

15. The FPD followed up again on January 28, 2022, at the six-month mark.[12] There was no response, so the FPD again inquired on February 7, 2022.[13] The BOP responded on February 9, 2022, simply to say the request was pending processing.[14]

16. On July 15, 2022, Attorney John Jenab reached out to Assistant United States Attorney Randall Eggert, who had prosecuted Coonce, for assistance with the request to BOP.[15]

17. Eggert apologized for the difficulty and offered to forward Jenab's email to Attorney Shane McCullough, counsel for BOP at the medical center in Springfield, Missouri, "to see if he has any thoughts on what we can do to get this information to you."[16]

18. A month later, Jenab reached out to follow up.[17] Eggert responded that he overlooked doing this and offered to reach out to McCullough right away.[18] As

---

track). The website also explains that the expedited request is available if "an individual will suffer the loss of substantial due process rights[,]" but "[a] request will not normally be expedited merely because the requester is facing a court deadline in a judicial proceeding." Given this caveat, it's likely BOP determined Coonce's request met the criteria for expedited process because of his death sentence.

[10] P.Ex. 3 at 3.
[11] P.Ex. 3 at 2–3.
[12] P.Ex. 3 at 1.
[13] P.Ex. 3 at 1.
[14] P.Ex. 3 at 1.
[15] P.Ex. 4 at 6.
[16] P.Ex. 5–6.
[17] P.Ex. 4 at 4.
[18] P.Ex. 5 at 1.

promised, on the same day, Eggert reached out to McCullough to discuss Coonce's request for records.[19]

19. McCullough responded the next day that someone in the FOIA office expected the first documents to be released the following day.[20] He said he would seek further information about the remainder of the request.[21]

20. With McCullough's permission, Eggert emailed Jenab to let him know the first round of documents would be released the next day.[22]

21. The records were never released, and on August 30, 2022, and September 7, 2022, Jenab emailed Eggert to follow up.[23]

22. Eggert reported he was about to start a lengthy jury trial and provided McCullough's contact information so Coonce's team could speak directly to BOP.[24]

23. On September 13, 2022, McCullough reported that the "first group of documents should be ready to go out next week."[25] He explained that the plan for the remainder of the documents was to release them "in weekly or bi-weekly record distributions from there, until the whole of [the] request is complete."[26]

24. On September 23 and 26, 2022, BOP released 1,349 pages of documents.[27] This has been the only disclosure of BOP records made in the case to date. This subset was labeled "Records – Part 1a" through "Records – Part 1d" and

---

[19] P.Ex. 4 at 4.

[20] P.Ex. 4 at 3–4.

[21] P.Ex. 4 at 3–4.

[22] P.Ex. 4 at 2–3.

[23] P.Ex. 4 at 2.

[24] P.Ex. 4 at 1–2.

[25] P.Ex. 4at 1.

[26] P.Ex. 4 at 1.

[27] *See* P.Ex. 7. Though the letter was dated September 21, 2022 (P.Ex. 8), the records were not sent until September 23 and 26, 2022, as detailed in the BOP's email, P.Ex. 7.

"Part 2."[28] The records were in no particular order and appeared to be limited to medical and psychological records. It is not clear whether the medical and psychological records are complete, but it is clear that the production did not include Coonce's central file or any of the other categories of records requested on July 15, 2021.[29]

25. On October 24, 2022, Jenab wrote again to McCullough about the expected weekly/bi-weekly records disclosures that hadn't occurred.[30] He asked McCullough to follow up with the people responsible for responding to Coonce's FOIA request to ensure the records were provided.[31] McCullough never responded to Jenab's email.

26. On December 16, 2022, Jenab made one final attempt to obtain the records. He emailed Eggert with an update and alerted him to the possibility of this lawsuit.[32] Eggert apologized for the difficulties and said he would call McCullough again.[33] Jenab has had no further contact from either McCullough or Eggert.

27. Coonce's BOP records are critical to his § 2255 litigation, especially because he stands sentenced to death for a crime that occurred in a BOP facility. BOP seemingly recognized this when it designated the request as qualifying for expedited processing. BOP never notified the FPD that Coonce's request had been

---

[28] The BOP divided Part 1 into sections due to size limitations which it disclosed on September 26, 2022. P.Exs. 7, 8.

[29] *See* P.Ex. 1 (listing all the records requested). *See also* P.Ex. 7 (pointing out the request included Coonce's "Central File, Sentry System records, Inmate Grievances, Central Inmate Monitoring reports, etc." and asking BOP to send that information as requested).

[30] P.Ex. 4 at 1.

[31] P.Ex. 4 at 1.

[32] P.Ex. 6 at 2.

[33] P.Ex. 6 at 1.

6

redesignated to a different track.[34] But even if it had, the BOP has since exceeded the time it estimates complex requests of over 1,500 pages to take—18 months.[35]

28. Coonce's current deadline for filing his § 2255 motion is August 9, 2023.[36]

29. It has now been over four months since the one and only disclosure of records on September 26, 2022, and over 18 months since the FPD's original request. That disclosure of 1,349 records was a very small subset of the existing records, given that Coonce has been in BOP custody since September 19, 2002.[37]

CAUSES OF ACTION

**Count 1: Violation of FOIA (5 U.S.C. § 552) for wrongful withholding of agency records (all defendants)**

30. Plaintiffs repeat and reallege the above paragraphs.

31. Defendants are agencies subject to FOIA. 5 U.S.C. §§ 552(f)(1), 551(1).

32. Plaintiffs properly requested records within the possession, custody, and control of the Defendants.

33. Plaintiffs' FOIA/Privacy Act requests complied with all applicable regulations regarding the submission of FOIA/Privacy Act requests.

34. A requestor is deemed to have exhausted its administrative remedies if the agency fails to comply with applicable time limit provisions. 5 U.S.C. § 552(a)(6)(C)(i).

35. Plaintiffs have exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/Privacy Act requests or

---

[34] *See* https://www.bop.gov/foia/#tabs-3 (FOIA FAQ "How Are Requests Processed?" "What processing track will my request be on?")

[35] *See* https://www.bop.gov/foia/#tabs-3 (FOIA FAQ "How Are Requests Processed?" "How long does it take to process a request?")

[36] *See Coonce v. United States*, No. 6:20-cv-08000-BCW, ECF No. 16-1 at 2 (W.D. Mo. March 7, 2022).

[37] *See United States v. Coonce,* No. 4:02-cr-00058-Y, ECF No. 40 (N.D. Tex. Sept. 19, 2002).

is deemed to have exhausted them because the Defendants failed to comply with applicable time provisions.

36. Defendants have wrongfully withheld the requested records from Plaintiffs.

37. Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents

**Claim 2: Violation of the Privacy Act for wrongful withholding of agency records (all defendants)**

38. Plaintiffs repeat and reallege the above paragraphs.

39. Defendants are agencies subject to the Privacy Act. 5 U.S.C. § 552a(a).

40. Plaintiffs properly requested records within the possession, custody, and control of the Defendants.

41. Plaintiffs' FOIA/Privacy Act requests complied with all applicable regulations regarding the submission of FOIA/Privacy Act requests.

42. Plaintiffs have exhausted the applicable and available administrative remedies with respect to Defendants' processing of its FOIA/Privacy Act requests or is deemed to have exhausted them because the Defendants failed to comply with applicable time provisions.

43. Defendants have wrongfully withheld the requested records from Plaintiffs.

44. Plaintiffs are entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents

### REQUESTED RELIEF

The Plaintiffs respectfully ask for the following relief:

A. Declare Defendants' failure to comply with FOIA and the Privacy Act to be unlawful;

B. Declare that the Plaintiffs are entitled to disclosure of the requested records;

C.   Order Defendants to immediately conduct searches reasonably calculated to identify all records responsive to the FPD's record request;

D.   Order Defendants to immediately disclose, in their entirety, unredacted copies of all records responsive to the FPD's requests that are not specifically exempt from disclosure under FOIA, including any non-identical copies of any such records;

E.   Order Defendants to immediately disclose, in their entirety, unredacted copies of all records responsive to the FPD's requests that the FPD is entitled to under the Privacy Act, including any non-identical copies of any such records;

F.   Enjoin Defendants from withholding all records or portions thereof responsive to the FPD's record requests that may not be withheld under FOIA and/or the Privacy Act;

G.   Declare that the failure of Defendants to provide a timely determination in response to the requests violates their obligations under FOIA and the Privacy Act;

H.   Award the FPD reasonable attorneys' fees and costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

I.   Provide such other relief as the Court may deem just and proper.

Dated: February 9, 2023

                        Respectfully submitted,

                        /s/ *Amelia L. Bizzaro*
                        Amelia L. Bizzaro
                        Wisconsin State Bar No. 1045709
                        Assistant Federal Public Defender

                        Federal Public Defender, District of Nevada
                        411 E. Bonneville Ave., Ste. 250
                        Las Vegas, NV 89101
                        (702) 388–6577
                        amelia_bizzaro@fd.org

                        Attorney for Plaintiffs